THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**BRENDA HUTCHINSON AND**     \*     **CIVIL ACTION NO. 05-1332**
**CHARLES HUTCHINSON**

**Versus**     \*     **JUDGE JAMES**

**DOLLAR GENERAL CORPORATION,**     \*     **MAGISTRATE JUDGE HAYES**
**RICK EDWARDS, AND**
**DOUGLEY HUBERT**

## MEMORANDUM RULING

Before the undersigned magistrate Judge, on reference from the District Court, is a Motion to Remand[1] filed by Plaintiffs (Doc. #11). After an extensive review of the law and the evidence submitted by each side, for the reasons stated below, the undersigned finds that jurisdiction in this court is improper, and Plaintiffs' Motion to Remand is **GRANTED.**

## STATEMENT OF FACTS

Plaintiffs filed suit against defendants on June 29, 2005, in the Fourth Judicial District Court for the Parish of Morehouse, State of Louisiana, seeking damages for injuries allegedly sustained in a slip and fall accident at the Dollar General Store in Bastrop, Louisiana.

On July 25, 2005, defendant Dolgencorp, stating that it had been improperly named as "Dollar General Store," but admitting that it was the proprietor of the business in question, removed the case to this Court, claiming that the individual defendants had been improperly

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

joined and that complete diversity of citizenship existed. Plaintiffs filed the instant motion claiming that diversity of citizenship, the only basis alleged for Federal jurisdiction in this case, is lacking. Dolgencorp opposes the motion.

## LAW AND ANALYSIS

Congress has provided a statutory framework for removal of certain cases where there is diversity of citizenship. Those statutes have been interpreted by the courts to require complete diversity; jurisdiction is lacking if any defendant is a citizen of the same state as any plaintiff. That strict requirement would, on its face, permit a plaintiff to name as a defendant any citizen of his home state and defeat removal. To prevent such shams, the "judge-imported concept of fraudulent joinder" has developed. *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968). The Fifth Circuit has recently adopted the term "improper joinder" to describe the doctrine, though it took care to note that there is no substantive difference between the two terms. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004) (*en banc*).

There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. Only the second way is at issue in this case. That second test asks whether the defendant has demonstrated there is no reasonable basis for the district court to predict the plaintiff might be able to recover against the in-state defendants. *Smallwood*, 385 F.3d at 573; *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003).

The "no reasonable basis" contest may take place in two different settings. In the first, the defendant challenges the adequacy of the plaintiff's pleadings, without the submission of

2

evidence. The court conducts a Rule 12(b)(6)-type analysis to determine whether the complaint states a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. Any ambiguities in state law must be resolved in favor of the plaintiff. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

But merely pleading a valid state law claim, or one whose validity is reasonably arguable, against the resident defendant does not necessarily mean that the joinder of the resident defendant is proper. The second setting for the "no reasonable basis" contest permits the defendant to challenge the plaintiff's allegations and attempt to demonstrate by summary judgment-type evidence that the plaintiff is unable to prove all of the facts necessary to prevail. The court has discretion in those circumstance to pierce the pleadings and analyze the improper joinder claim based on that evidence. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

Dolgencorp argues that Rick Edwards was not working at the store in question at any time relevant to this action, that Dudley Huber (incorrectly identified in the original petition as "Dougley Hubert") was acting solely in a supervisory capacity, that he had no individual duty to the plaintiffs, and that both individual defendants are therefore improperly joined in this case. In support of these claims, the defendants present an unsigned "affidavit" purportedly from Huber. Defendants also argue that the plaintiffs' post-removal amended complaint should not defeat jurisdiction because it added allegations against the non-diverse parties after removal.

However, as was pointed out by the plaintiffs in their reply brief, a review of the original and the amended complaints shows that the amended complaint does not add any new allegations against the individual defendants, and that the original petition does allege facts which, if proved at trial, could lead to individual liability against the non-diverse defendants. See, e.g., *LeBlanc v*

*Walmart Stores, Inc.,* 1994 WL 715982 (E.D. La.), and the cases cited therein. In addition, the affidavit attached to the opposition was not signed when it was filed and no signed copy has been substituted. It is not competent evidence and will not be considered by this court. Even if it were considered, it would be insufficient to meet the defendants' heavy burden. Therefore, the defendants have failed to meet their burden of proof herein, and the motion to remand will be **GRANTED.**

      **THUS DONE AND SIGNED** this 19th Day of October, 2005, in Monroe, Louisiana.

                                        KAREN L. HAYES
                                        U. S. MAGISTRATE JUDGE